UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
CASE NO.:

TONYA CALIPH

    Plaintiff,

v.

FLORIDA STATE UNIVERSITY

    Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, TONYA CALIPH (hereafter referred to as "Plaintiff"), by and through his undersigned counsel, and hereby sues Defendant, FLORIDA STATE UNIVERSITY (hereafter referred to as "Defendant") and as grounds alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interest, costs, and attorney's fees for willful violations of the American with Disabilities Act of 1990, 42 U.S.C. Sec. 1211, et seq. ("ADA") and Family Medical Leave Act, as amended 29 U.S.C. §2601, et. seq. (hereafter "FMLA") to redress injuries resulting from Defendant's unlawful, disability-based discriminatory of and retaliation against Plaintiff.

### PARTIES

2. Plaintiff, TONYA CALIPH, is an adult, female resident of Leon County, Florida.

3. Defendant, Florida State University, is a Florida Not-For-Profit Corporation authorized to conduct business in the State of Florida and in Leon County, Florida.

4. At all times material herein, Defendant was an employer covered by the FMLA because they were engaged in commerce or in an industry affected commerce and employed 50 or more employees for each working day during each of twenty (20) or more calendar

workweeks.

5. Plaintiff worked at a location where Defendant employed fifty (50) or more employees within seventy-five (75) miles.

6. Plaintiff was an employee entitled to leave under FMLA, based on the fact that she was employed by Defendant for at least twelve (12) months and worked at least 1,250 hours during the relevant twelve (12) month prior period to her seeking to her rights to FMLA leave.

7. At all times material hereto, Plaintiff is an "employee" within the meaning of the ADA 42 U.S.C. Sec. 1211, *et seq*.

8. At all times material hereto, Defendant is an "employer" within the meaning of the ADA 42 U.S.C. Sec. 1211, *et seq*.

## JURISDICTION AND VENUE

9. This Honorable Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§131, 1343, and 1367.

10. Venue is proper because the events/employment practices alleged in this Complaint to be unlawful were committed in Miami-Dade County, within jurisdiction of this Honorable Court.

11. Plaintiff filed a charge of discrimination against Defendant with the Equal Opportunity Commission (hereafter referred to as "EEOC") and the Florida Commission on Human Relations (hereafter referred to as "FCHR").

12. Plaintiff files this complaint within 90 days after receiving a Notice of Right to Sue from the EEOC.

13. All conditions precedent for the filing of this action before this Honorable Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

14. On or about January 8, 2018, the Plaintiff began working for the Defendant as an immigration services associate.

15. During the hiring process, Plaintiff disclosure that she has a psychiatric disability, and suffers from anxiety. Plaintiff requested as a reasonable accommodation that she required that her work environment must be in a quiet space, in which Defendant promised that it would be granted and had no problem accommodating for her.

16. However, such accommodation were never met, and after speaking with both Defendant's Diversity Inclusion and Employee Relations Department, it was told to her that she required a letter from her physician regarding her accommodation.

17. Plaintiff following Defendant's request, obtained a letter from her physician confirming the accommodations required by her, and delivered the letter to Defendant. However, nothing was done either way, and Defendant never reasonably accommodated Plaintiff throughout her employment with them, regardless of all instructions and promises given by Defendant.

18. On or about February of 2019, Plaintiff's daughter was rushed to Nemours Jacksonville Hospital for a life-saving surgical procedure, which resulted in consistent follow-ups due to her medical condition.

19. After Plaintiff's daughter began her recovering process from the life-saving surgical procedure, Plaintiff was notified that her daughter would require proton therapy in which required for Plaintiff to relocate her family to Jacksonville for the duration of the treatment.

20. Due to having to temporary move to Jacksonville for the treatment that her Daughter required, Plaintiff submitted all the necessary paperwork required by Defendant to adhere to Defendant's sick leave and FMLA policies.

21. After Plaintiff submitted all the necessary paperwork required by Defendant to adhere to Defendant's sick leave and FMLA policies, Plaintiff began to experience a drastic change

within her work environment and experiences with working for Defendant.

22. For example, but not limited to, Plaintiff began experiencing heavy pressure by Kristen Hagen, her supervisor, to prove that her daughter was actually experiencing such medical conditions that she claimed in her paperwork requesting sick leave and FMLA, as she did not believe it was as serious as it was made out to be. Plaintiff explained to Kristen Hagen that all of her daughter's medical documents were provided in her requests, and that the medical documents that were written by medical doctors explain her daughter's health condition, and what she requires as treatment.

23. Plaintiff also learned through her colleague that the entire office knew of her daughter's health conditions due to the fact Kristen Hagen was telling all the employees she worked with about Plaintiff's sick leave and FMLA requests, as well as all the medical conditions Plaintiff's daughter was suffering as stated in Plaintiff's daughter's medical documentation.

24. Again, on or about 2021, Plaintiff submitted an FMLA-intermittent leave form due to her daughter's medical conditions, which caused supervisor Kristen Hagen to again question Plaintiff if she actually needed to take such leave off, and Plaintiff's daughter's medical severity.

25. Plaintiff's daughter due to her severe medical conditions, required many appointments from doctors specializing in orthopedics, neurology, oncology, psychology, proton therapy, among other complex medical fields.

26. One day while working, Plaintiff's supervisor Kristen Hagen loudly yelled at the Plaintiff demanding why Plaintiff scheduled her daughter's medical appointments during an upcoming orientation.

27. Embarrassed and utterly stunned from Plaintiff's supervisor Kristen Hagen's behavior to yell at her while all of Plaintiff's colleague's doors were open and for everyone present to hear, Plaintiff respectfully told Kristen Hagen that she apologized but was not aware of the

upcoming orientations date, and it was not done purposefully. Plaintiff also added that due to the difficulties of obtaining such medical required appointments for her daughter, Plaintiff had no choice but to choose the earliest dates possible, which angered Kristen Hagen, causing her to dismiss her response and leave angered.

28. On another occasion, during a scheduled Zoom office meeting, Plaintiff's supervisor Kristen Hagen Hagan questioned her about her ability to work an office rotation as result of the office returning back to working on site, as suppose to virtually due to the COVID-19 Pandemic.

29. When Plaintiff replied respectfully to her supervisor Kristen Hagen, that she would need to check the scheduling of Florida State University, Kristen Hagen cut Plaintiff off and stated, "FSU had not provided guidance for you to stay home to take care of my daughter." Such comment was made in the presence of everyone present within the Zoom meeting, embarrassing and humiliating Plaintiff in the process.

30. Plaintiff suffered on a daily basis constant harassment and humiliation from Kristen Hagen, which in turn created a hostile work environment for Plaintiff to simply do her job. As result the frequent and intolerable hostile work environment that Plaintiff saw herself in, she had no other choice but to quit her position, effectively being constructively discharged by Defendant on June 11, 2021.

## COUNT I
## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

31. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 above as is set out in full herein.

32. Plaintiff is a member of a protected class under the ADA.

33. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's perceived disability and subjected Plaintiff to disability-based animosity.

34. Such discrimination was based upon the Plaintiff's perceived disability in that the Plaintiff would not have been the object of discrimination but for the fact of her and her daughter's medical conditions.

35. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's and Plaintiff's daughter's perceived disability was unlawful but acted in reckless disregard of the law.

36. At all times material hereto, the employees exhibiting discriminatory conduct towards the Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

37. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

38. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damages.

39. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

40. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

41. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

42. The American with Disabilities Act, 42 U.S.C. Sec. 12101, et seq., prohibits employers from discriminating against qualified individuals because of a disability or perceived disability "in regard to job application procedures, the hiring, advancement, or discharge or employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. Sec. 12112.

43. Plaintiff was fully qualified to be employed by Defendant and could perform all the essential function of the position held with Defendant.

44. Defendant is a covered employer to which the ADA applies.

45. Defendant discharged Plaintiff from employment because of Plaintiff's daughter's perceived disability.

46. Defendant made no individualized assessment to determine whether Plaintiff could perform the essential functions of the job and be employed by Defendant, or whether a reasonable accommodation would enable her to be employed by Defendant, as required under the ADA.

47. Defendant's discharge of Plaintiff on the basis of her perceived disability and Defendant's failure to make an individualized assessment to determine whether Plaintiff could be employed or whether a reasonable accommodation would enable her to be employed by Defendant violated the ADA.

48. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer both economic and non-economic harm.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree the Defendant has violated the ADA, and has willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## RETALIATION IN VIOLATION OF THE ADA

49. Plaintiff re-alleges and re-affirms Paragraphs 1-30 as is it is fully set forth herein.

50. Plaintiff is a member of a protected class under the ADA.

51. By the conduct described above, Defendant retaliated against Plaintiff for exercising rights protected under the ADA.

52. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's and Plaintiff's daughter's disability was unlawful but acted in reckless disregard of the law.

53. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

54. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived Plaintiff of statutory rights under federal law.

55. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and

with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others from such action in the future.

56. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices and until this honorable Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree the Defendant has violated the ADA, and has willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III: INTERFERENCE WITH FMLA RIGHTS - TERMINATION

57. Plaintiff repeats and re-alleges paragraphs 1 through 30 as if fully stated herein.

58. Despite Defendants' knowledge of Plaintiff's and Plaintiff's daughter's serious medical conditions, Defendantsconstructively discharged Plaintiff, due to her requests for FMLA to take care of her medically sick daughter.

59. When Defendants impeded on Plaintiff's right to take leave and then constructively discharge Plaintiff, they interfered with Plaintiff's rights under the FMLA.

60. As a result, Plaintiff has been damaged.

> **WHEREFORE**, Plaintiff demands judgment against Defendants, as follows:
>
> a. Enter judgment in Plaintiff's favor and against Defendants for interfering with Plaintiff's rights under the FMLA;
>
> b. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;
>
> c. Award Plaintiff liquidated damages;
>
> d. Award Plaintiff prejudgment interest on his damages award;
>
> e. Award Plaintiff reasonable costs and attorney's fees;
>
> f. Award Plaintiff any further relief pursuant to the FMLA; and
>
> g. Grant Plaintiff such other and further relief as this court deems equitable and just.

## COUNT IV: VIOLATION OF THE FMLA – RETALIATION

61. Plaintiff repeats and re-alleges paragraphs 1 through 30 as if fully stated herein.

62. Defendants constructively discharged Plaintiff following her notification about her daughter's serious medical conditions and need for intermittent leave. These notifications constitute a request for taking FMLA leave.

63. Defendants intentionally engaged in unlawful employment practice in violation of the FMLA, by retaliating against Plaintiff when, after Plaintiff requested to take leave for medical reasons.

64. Plaintiff's request for medical leave pursuant to the FMLA was a direct and proximate cause of her constructive discharge.

65. As a direct and proximate result of the intentional violations by Defendants of Plaintiff's rights under the FMLA, Plaintiff has been damaged.

> **WHEREFORE**, Plaintiff demands judgment against Defendants as follows:
>
> a. Enter judgment in Plaintiff's favor and against Defendants for violations of

the FMLA;

b. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c. Award Plaintiff compensatory damages under the FMLA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has and continues to suffer;

d. Award Plaintiff liquidated damages;

e. Award Plaintiff prejudgment interest on his damages award;

f. Award Plaintiff reasonable costs and attorney's fees; and

g. Grant Plaintiff such other and further relief as this court deems equitable and just.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Respectfully submitted,

By: /s/ *Elvis J. Adan*
Elvis J. Adan, Esq.
Fla. Bar No.: 24223

GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088